**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| In re: | : | Chapter 7 |
| | : | |
|    Stuart Pivar, | : | Case No. 23-10938 (JLG) |
| | : | |
|                      Alleged Debtor. | : | |

------------------------------------------------------------x

### ERRATA ORDER REGARDING MEMORANDUM DECISION AND ORDER DISMISSING THE INVOLUNTARY PETITION

This matter having come up on the Court's own motion, it is hereby ORDERED:

1. The Court's Memorandum Decision and Order Dismissing the Involuntary Petition, dated February 27, 2024, Case No. 23-10938, ECF No. 54 (the "Memorandum Decision"), is corrected in the manner described below:

   a. The following title on page 1 of the Memorandum Decision:

      **MEMORANDUM DECISION SUSTAINING THE ALLEGED DEBTOR'S OBJECTION AND DISMISSING THE INVOLUNTARY PETITION**

   shall be corrected to read as follows:

      **MEMORANDUM DECISION AND ORDER DISMISSING THE INVOLUNTARY PETITION**

   b. The following paragraph on page 1 of the Memorandum Decision:

      *Counsel for Stuart Pivar*
      56-60 Court Street, Apartment 4J
      Brooklyn, New York 11201
      By:     Jorge Pivar-Federici

   shall be corrected to read as follows:

      JORGE PIVAR-FEDERICI, ESQ.
      *Counsel for Stuart Pivar*
      56-60 Court Street, Apartment 4J
      Brooklyn, New York 11201
      By:     Jorge Pivar-Federici

1

    c. The following sentence on page 3 of the Memorandum Decision:

> Accordingly, under section 303(b), they are ineligible to file the Involuntary Petition and, on that basis, the Court dismisses the Involuntary Petition.

shall be corrected to read as follows:

> Accordingly, under section 303(b), they are ineligible to file the Involuntary Petition. On that basis, the Court dismisses the Involuntary Petition.

    d. The following paragraph on page 17 of the Memorandum Decision:

> Below, the Court considers whether the Petitioning Creditors have met their burden of demonstrating that their claims are not the subject of bona fide disputes and, as such, they are eligible to file the Involuntary Petitions.

shall be corrected to read as follows:

> At issue here is whether the Petitioning Creditors have met their burden of demonstrating that their claims are not the subject of bona fide disputes and, as such, they are eligible to file the Involuntary Petitions. The Court considers that matter below.

    e. The following sentence on page 19 of the Memorandum Decision:

> However, review of the list of lawsuits annexed to the Reply demonstrates that the Alleged Debtor's situation is not analogous to that in *Ross*.

shall be corrected to read as follows:

> However, review of the list of lawsuits annexed to the Reply (the "Litigation List") demonstrates that the Alleged Debtor's situation is not analogous to that in *Ross*.

    f. The following paragraph on page 32 of the Memorandum Decision:

> The Court finds that each claim asserted by Philip against Pivar is subject to a bona fide dispute as to liability and amount. Accordingly, Philip is ineligible to serve as a petitioning creditor under section 303(b)(1).

shall be corrected to read as follows:

> The Court finds that each claim asserted by Philip against Pivar is subject to a bona fide dispute as to liability and amount. Accordingly, Philip is ineligible to serve as a petitioning creditor under section 303(b)(1). *See, e.g.*, *In re Euro-Am. Lodging Corp.*, 357 B.R. at 712 n.8; *In re Mountain Dairies, Inc.*, 372 B.R. at 631–33.

    g.  The following heading on page 33 of the Memorandum Decision:

    **Section 303(i)**

shall be corrected to read as follows:

    <u>Section 303(i)</u>

    h.  The following sentence on page 33 of the Memorandum Decision:

    In support, he asserts that the Petition is meritless and was filed only to obtain a strategic advantage in the state-court action.

shall be corrected to read as follows:

    In support, he asserts that the Involuntary Petition is meritless and was filed only to obtain a strategic advantage in the state-court action.

    i.  The following sentence on pages 33-34 of the Memorandum Decision:

    Pivar also challenges the failure to disclose the promissory note until "the eleventh hour," and he makes the point that "Mr. Pivar clearly did not sign" it.

shall be corrected to read as follows:

    Pivar also challenges the failure to disclose the Demand Note until "the eleventh hour," and he makes the point that "Mr. Pivar clearly did not sign" it.

2. Future references to the Memorandum Decision shall be to the Memorandum Decision as corrected hereby, a copy of which is attached hereto as Exhibit A.

Dated: New York, New York
       February 29, 2024

                                                /s/ *James L. Garrity, Jr.*
                                                Hon. James L. Garrity, Jr.
                                                U.S. Bankruptcy Judge